UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION



STEELE GRANTE,

      Plaintiff,                      CASE NO.:     22-CIV-81456-DMM/WM

v.

U.S. BANK CENTER, LLC; Unknown Bank Branch Manager

      Defendants.
_____/

## COMPLAINT

THE PLAINTIFF, STEELE GRANTE, (hereinafter Plaintiff), *pro se*, sues Defendant US Bank, with an office address in Minneapolis, Minnesota and incorporated in Delaware.

1. This is an action for damages which exceed the amount of one hundred million dollars ($100,000,000.00), inclusive of interest, costs and attorney's fees.

2. At all times material hereto, the Plaintiff was and is a resident of Palm Beach County, Florida.

3. Defendant U.S. Bank is a citizen of Delaware, and does business in the state of Florida.

## JURISDICTION

4. Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs, as though separately set forth herein.

5. Pursuant to *28 U.S.C. § 1331*. Section 1331 provides that the District Courts shall have "original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States." *28 U.S.C. § 1331*.

1

6. The Plaintiff's complaint seeks recovery in excess of the Federal Statutory amount.

7. This Court has original jurisdiction over the Congressional Expedited Funds Availability ("EFA")(*12 U.S.C. § 4001-4010*).

8. Under Section 4010(a) liability provisions "any depository institution which fails to comply with any requirement imposed under this [Act or its implementing regulations] with respect to any person other than another depository institution...liable [in damages] to such person".

9. Plaintiff owns multiple personal and business accounts with USBank for over six years.

## FACTUAL BACKGROUND

10. On approximately April 25, 2022 Plaintiff was informed by USBank representative, Maryam Ebadi from their Business Banking Department that all of his personal and business accounts had been locked and that he no longer had access to his accounts or funds online or in person at a branch. She told him that his accounts were under review and that it takes no more than seven (7) days to complete. At that time the funds on deposit in the accounts totaled approximately $68,000.

11. Plaintiff reached out to USBank Branch Manager Jason Beasely, who is manager of the USBank branch located at 30000 Town Center Dr., Laguna Niguel, CA, 92677, where the accounts had been opened and are located. Jason Beasely assured Plaintiff that the situation would be resolved within a few days. Plaintiff was told that no information was available to anyone about why the accounts had been locked or whom to speak with about getting the matter resolved or what needed to be done or verified and that he would just have to wait while USBAnk completed it's review of all of his personal and business accounts.

12. Jason Beasely also referred Plaintifff to his direct supervisor, Todd Rockefeller, USBank District Manager and Shannon Gallardo, USBank Regional Assistant for further assistance with the matter. Todd Rockefeller, has never responded to Plaintiff's many inquiries and messages, despite his direct supervision of the accounts at that branch and the Plaintiff having been referred to him by his subordinate Branch Manager, Jason Beasely. Shannon Gallardo did respond to Plaintiff on a few occasions, promising him quick resolution to the seized funds and locked accounts, but stopped responding after just the first few days, once again despite having had the matter referred to her for resolution by her subordinate, Jason Beasely. After a week's time, Jason Beasely informed the Plaintiff that there was nothing he could do and that he had been instructed to "hang up" on Plaintiff if he called to inquire about his accounts and seized funds.

13. Plaintiff had reached out to the USBank Customer Service number several times over the following days and weeks seeking remedy and stayed on hold for many, many hours each time. Plaintiff was eventually told that the accounts had been frozen "pending review" by Analyst Amanda Caldera with the USBank Fraud Department. Ms. Caldera has not responded to the many emails and voice mails that Plaintiff sent her until today.

14. Any further communication thereafter with USBank Customer Service resulted in Plaintiff being told that his funds had been held by the Branch Manager, Jason Beasely at the Branch and was instructed to go to the Branch with his Identification documents and that they would be able to close his accounts and release his funds to him.

15. When Plaintiff went to the branch and attempted to inquire with the Branch Manager, Jason Beasely, he refused to come out of his office to speak with Plaintiff even though he had been advised to go to the branch by USBank Customer Service and do so in person. All employees at the branch stated that they were instructed by Jason Beasely to refuse service to Plaintiff.

16. Subsequent phone calls to the branch resulted in Plaintiff being told that all personnel at the branch were instructed, by the Branch Manager, Jason Beasely to hang up on Plaintiff if he called there and refuse service if he showed up there.

17. Eventually, after over 60 days time had passed, Plaintiff received statements in the mail showing that the accounts had all been closed and all funds had been withdrawn from them to an undisclosed account. Further inquiry with various department at USBank revealed that the Funds were and are still being held by the USBank Branch in Laguna Niguel, CA in the General Ledger Account, under Jason Beasely's instructions.

18. The USBank Customer Service Department, upon further inquiries from Plaintiff, has recently informed him that they are still reviewing the account and will hold his funds for as long they deem fit and are under no obligation to reply to his inquiries anymore. When asked how long that process will take they responded that they have no time limit to preform their "review" for unknown, undisclosed reasons and with no possible remedies to expedite that process or close the accounts and retrieve the funds they seized from Plaintiff.

19. Multiple USBank employees mentioned in this suit have clearly conspired to defraud Plaintiff of his funds on deposit and have stolen them from him causing extensive financial and emotional damages to him, his businesses and to his family, forcing him to file this action with this court in order to seek relief from the court from their criminal actions against him and the damages they have caused him. All efforts to remedy the situation were unsuccessful with no remedy being provided to the Plaintiff, who's trust and confidence in USBank were now completely betrayed, with no possible action other than legal action to seek remedy through the appropriate Court of Law.

## ALLEGATIONS

### COUNT I

### BREACH OF CONTRACT

17. Plaintiff repeats and re-alleges each and every allegation contained above.

18. The elements of an action for breach of contract are: (1) that there was a contract between plaintiff and defendant, (2) that plaintiff did what the contract required him to do, or that he was excused from performing his contract obligations; (3) that defendant breached the contract by not performing his obligations; and (4) that plaintiff was damaged.

19. Inherent in the agreement between Plaintiff and Defendant under *12 C.F.R. Part 29* is that Defendant would not unreasonably withhold Plaintiff's funds without an expedient remedy.

20. The Banking Deposit Account Agreement between Plaintiff and Defendant is on record with the Defendant and will be produced for this court from the Interrogatories and Discovery as part of this proceeding.

21. Plaintiff has lost extensive personal and business funds, many days and weeks of his time and along with his immediate family, has suffered extensive emotional and financial damages.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Awarding Plaintiff actual damages, for the funds on that were on deposit with Defendant, USBank.

b) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

c) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

d) Awarding such other damages and further relief as the Court may deem just and proper.

### COUNT II

### SPECIFIC PERFORMANCE

22. Plaintiff repeats and re-alleges each and every allegation contained above.

23. Plaintiff and Defendant entered into The Banking Deposit Account Agreement which is on record with the Defendant and will be produced for this court from the Interrogatories and Discovery as part of this proceeding.

24. An inherent part of the Deposit Account Agreement Contract was that Defendant would not unreasonably hold Plaintiff's funds without expedient remedy.

25. Despite Plaintiff's repeated attempts to remedy the situation, Defendant has unreasonably withheld Plaintiff's funds and refuses to perform its obligation to return the funds.

26. Plaintiff has fully performed under the contract.

27. Plaintiff has been significantly damaged due to Defendant's actions.

28. No adequate remedy at law exists.

**WHEREFORE**, Plaintiff prays for relief and judgment that this Court force Defendant to return Plaintiff's funds.

## COUNT III
## FRAUD CLAIM AGAINST DEFENDANT

29. Plaintiff repeats and re-alleges each and every allegation contained above.

30. Plaintiff had personal and business accounts with Defendant.

31. Defendants unreasonably withheld Plaintiff's funds and refuse to perform their obligation to return the funds.

32. Defendant fraudulently represented to Plaintiff that they had legally justifiable cause to withhold the funds from him.

33. Defendant's intent was that Plaintiff would rely on Defendant's deceptive misrepresentations so that Defendant could unlawfully retain the funds.

34. Due to Defendant's fraud, Plaintiff has been severely financially and emotionally damaged to his person and family and to his businesses.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Awarding Plaintiff actual damages, for the funds on that were on deposit with Defendant, USBank.
b) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;
c) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;
d) Awarding such other and further relief as the Court may deem just and proper.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to further amend this Complaint, upon completion of further investigation and discovery, to assert any additional claims and any additional damages against Defendant or employees of Defendant mentioned herein and/or any other parties as may be warranted under the circumstances and as allowed by law.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable this the 13th day of September, 2022.

Respectfully Submitted,

*[signature]*

Steele Grante
1515 N. Federal Highway, 300
Boca Raton, FL 33422
sg@omnimail.biz

FedEx Express

RT 337 1 10:30 E
FZ 122 09.2

Extremely Urgent

ORIGIN ID:PHKA (561) 807-1130
STEELE GRANTE

1515 NORTH FEDERAL HIGHWAY 300

BOCA RATON, FL 33432
UNITED STATES US

SHIP DATE: 16SEP22
ACTWGT: 0.50 LB
CAD: 101505820/INET4534

BILL SENDER

TO PAUL G ROGERS FEDERAL BUILDING
AND US COURTHUOSE
701 CLEMATIS STREET

WEST PALM BEACH FL 33401
(561) 833-7222 REF: US9-16-22
INV:
PO: DEPT:

581J1/EC8C/FE2D

FedEx Express

E

J223022081201uv

FedEx
TRK# 0201 7779 6112 1225

TUE - 20 SEP AA
PRIORITY OVERNIGHT

XG PBIA

33401
FL-US
PBI

392237 19Sep2022 NIPA 581G1/EC8C/C088



